IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GUAVA, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-678-N |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has brought this action (doc. 1) against one fictitious defendant, identified only by Internet Protocol ("IP") addresses and the Complaint does not include at least one named defendant against which service may issue.  As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g.*, New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); *see also* Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to general rule); Moulds v. Bullard, 345 Fed.Appx. 387, 390 (11th Cir. 2009)(same).  Plaintiff's Complaint does not make a *prima facie* showing that plaintiff's use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence.

Accordingly, it is hereby ORDERED that, **no later than November 20, 2012**, plaintiff shall SHOW CAUSE why the fictitious defendant should not be stricken from the Complaint and this action dismissed without prejudice.

DONE this the 6th day of November, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE