IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| GUAVA, LLC<br><br>            Plaintiff,<br>      v.<br><br>JOHN DOE<br><br>            Defendant. | Civil Action No.: 12-678<br><br>PLAINTIFF GUAVA, LLC's RESPONSE TO COURT'S ORDER TO SHOW CAUSE |

## INTRODUCTION

On October 25, 2012, Plaintiff, Guava, LLC ("Plaintiff") filed a Complaint alleging direct and contributory copyright infringement by various subscribers with the various IP addresses listed on Exhibit A thereto. (*See* ECF No. 1.) On November 6, 2012, this Court issued an Order to Show Cause. (*See* ECF No. 3.) Plaintiff, by and through its undersigned counsel, hereby respectfully submits its Response to this Court's Order to Show Cause.

In its order, the Court asserts that, "as a general matter, fictitious-party pleading is not permitted in federal court." (*Id.*) The Court further asserts that "Plaintiff's Complaint does not make a *prima facie* showing that plaintiff's use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence." (*Id.*)

## ARGUMENT

### I. PLAINTIFF'S USE OF A FICTITIOUS PARTY FALLS WITHIN AN EXCEPTION TO THE GENERAL RULE RECOGNIZED IN THIS CIRCUIT'S JURISPRUDENCE

The circumstances under which Plaintiff used a fictitious party in its Complaint fall within an exception to the general rule prohibiting fictitious-party pleading in federal court.

Plaintiff turns to the first case cited by the Court's Order as recognizing limited exception to the general rule, *Dean v. Barber.* (ECF No. 3.)[1] The *Dean* Court asserted that:

> it is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual (e.g. the driver of an automobile) without stating his name precisely or correctly.

*Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992) (*Citing Bryant v. Ford Motor Co.,* 832 F.2d 1080, 1096 n. 19 (9th Cir. 1987)). The use of a fictitious defendant in Plaintiff's Complaint is, in fact, directly analogous to the *Dean* Court's example of the driver of an automobile. In the instant case, instead of identifying the driver of an automobile using, say, a license plate number, Plaintiff's Complaint identifies the subscriber by virtue of an IP address that was used to infringe Plaintiff's copyright at a specific date and time. (*See* ECF No. 1 ¶4, ¶¶22-23.) Without the third party discovery requested by the underlying Motion, Plaintiff has no way of identifying the true Defendant.

Here, upon receipt of the requested discovery order, Plaintiff can (and will) submit this information (IP address and specific date and time) to the Internet Service Provider ("ISP") that provided the subscriber with Internet service. With this information, the Internet Service Provider can precisely identify the exact subscriber who was assigned the IP address at the specific date and time, and thereby determine the identity of the true Defendant. Everything in the Complaint, as stated, would provide the ISP with the appropriate information to provide Plaintiff with the true name and address of the individual alleged infringer in this case. Conceptually, this process is no different from suing the driver of an automobile that has a

---

[1] *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987), cited by the *Dean* Court, is inapplicable for two reasons. First, its analysis focused on whether the assertion of a claim against a Doe Defendant defeated diversity jurisdiction. Here, there is federal question jurisdiction, so diversity analysis does not apply. Second, *Bryant* is a Ninth Circuit case, and is thus of little precedential value to this Court's analysis of the exceptions under which a Doe Defendant may be named.

specific license plate number, and then requesting that the Department of Motor Vehicles identify the registrant of the automobile bearing that specific license plate number.

At this time, Plaintiff is simply unable to identify the subscriber by name. Plaintiff brought the instant action after observing "unlawful reproduction and distribution [of Plaintiff's copyrighted content] occurring over IP address 99.102.20.29 via the BitTorrent file transfer protocol." (ECF No. 1 ¶4.) In order to ascertain Defendant's actual identity, Plaintiff must engage in the process outlined above; specifically, Plaintiff must ask the ISP that leased IP address 99.102.20.29 at the date and time cited in the Complaint (July 23, 2012 at 14:25:45 UTC) to identify the exact subscriber to whom the Internet Service Provider assigned IP address 99.102.20.29 on July 23, 2012 at 14:25:45 UTC. (*See* ECF No. 1 ¶23.) Plaintiff's Complaint thus meets the exception to the general rule that fictitious-party pleading is prohibited in federal court.

## CONCLUSION

For the reasons contained herein, Plaintiff respectfully submits that the Complaint should not be dismissed, and again requests issuance of the proposed discovery order. This will allow Plaintiff to obtain the true identity of the Defendant, and to thereafter proceed with the filing and service of an amended complaint.

    Respectfully submitted,

    Guava, LLC

DATED: November 7, 2012

    By: /s/ Curtis R. Hussey

    Curtis R. Hussey (HUSSC7684)
    *Attorney for Plaintiff*
    **ADDRESS OF COUNSEL:**
    P.O. Box 1896
    Fairhope, AL 36533-1896
    C/O Tel: (415) 325-5900
    Email: blgibbs@wefightpiracy.com