IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| GUAVA, LLC, ) | |
| ) | |
| ) | Civil Action No.: 1:12-cv-00678-N |
| Plaintiff, ) | |
| v. ) | PLAINTIFF QUAD INT'L., INC'S |
| ) | BRIEF REGARDING THE STATE |
| JOHN DOE ) | OF THE LAW OF FICTITIOUS |
| ) | PARTY PRACTICE |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

### INTRODUCTION

Plaintiff Quad Int'l Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds to the Court's November 14, 2012 Order to Show Cause (ECF No. 5.) In its Order, the Court gave Plaintiff leave to brief the state of the law on the issue of fictitious party practice. (*Id.* at 2.) Plaintiff thus respectfully submits this Brief Regarding the State of the Law of Fictitious Party Practice.

### PLAINTIFF'S BRIEF

**I. A NEW CONTEXT FOR FICTITIOUS PARTY PLEADING**

The rise of the Internet has made our world more interconnected than ever before. Though that may sound somewhat cliché, it is indisputable that the Internet comprises a significant component of our daily lives. Though the positive aspects of the Internet receive the most attention, some cases, as demonstrated herein, entail an exploration of the Internet's darker side. The Internet is, after all, a mostly lawless realm, in which individuals can perpetuate serious harms *under cover of nearly complete anonymity*. Many, if not all, individuals have the option to travel throughout cyberspace with a virtual mask to hide their identities. In a world in which so much of what we value exists online, it is absolutely necessary to have some mechanism by

1

which those whose rights are violated over the Internet may obtain recompense for such violation. That is where Internet Protocol ("IP") addresses come into play. These IP addresses represent one of the *only* methods by which the shield of anonymity provided by the Internet may be pierced, and through which those who use the Internet for malevolent ends can be made to answer for their misdeeds. The Ninth Circuit, in *Columbia Ins. Co. v. seescandy.com*, truly put it best:

> The [online] tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information…In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum in which they may seek redress for grievances.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (9th Cir. 1999.) Plaintiff seeks to identify this exact sort of tortfeasor in the instant action.

## II. THE STATE OF FICTITIOUS PARTY PLEADING GENERALLY

Before turning to the cases in which fictitious party pleading has been allowed in online copyright infringement cases, Plaintiff first turns to the general state of fictitious party pleading in federal courts.

### A.  FOURTH CIRCUIT (*Schiff v. Kennedy*)

In *Schiff v. Kennedy,* the 4th Circuit held that:

> The [lower] court did not follow the cases where courts have allowed actions to proceed against real, but unidentified, defendants. E.g., Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Maclin v. Paulson, 627 F.2d 83 (7th Cir. 1980). Because it appears that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted.

*Schiff v. Kennedy*, 691 F.2d 196, 197-198 (4th Cir. 1982). In the present case, it is indisputable that the unidentified defendant is an actual person; the infringing IP address was assigned to the

subscriber, and the subscriber necessarily had to be a real person who was capable of signing up for the Internet service and providing his identifying information. As such, Plaintiff's situation is analogous to the one contemplated by the Fourth Circuit in *Schiff*.

### B.  SEVENTH CIRCUIT *(Maclin v. Paulson)*

In *Maclin v. Paulson,* the Seventh Circuit asserted that "the use of fictitious names for defendants has been routinely approved even without discussion." *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (*Citing Bivens v. Six Unknown Named Agents of the Federal Bureau of Nartcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619)). The Court also asserted that "when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." *Id.* The Seventh Circuit thus recognized that a Supreme Court case had summarily approved the use of fictitious names for defendants without even discussing the issue. The Seventh Circuit also contemplated a situation identical to that in the instant action: Plaintiff in the instant action is presently ignorant of the Defendant's true identity, but Plaintiff can learn Defendant's identity through discovery.

### C.  EIGHTH CIRCUIT *(Estate of Rosenberg by Rosenberg v. Crandell)*

In *Estate of Rosenberg by Rosenberg v. Crandell,* the Eighth Circuit held that "In general, [it] is true [that it is impermissible to name fictitious parties as defendants], but…an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F. 3d 35, 37 (8th Cir. 1995). Plaintiff asserts that the limited expedited discovery contemplated in its Complaint—namely, subpoenaing the Internet Service Provider of the infringing IP address to provide the identity and contact information of

the subscriber—is just this sort of reasonable discovery, and that such discovery will allow the identity of the presently unknown party to be ascertained.

### D. NINTH CIRCUIT *(Gillespie v. Civiletti; Columbia Ins. Co. v. seescandy.com)*

In *Gillespie v. Civiletti,* the 9th Circuit held that "As a general rule, the use of 'John Doe' to identify a defendant is not favored…However, situations arise, such as the present, where the identify of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds . . . ." *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980). As previously mentioned, Plaintiff need only subpoena the Internet Service Provider of the infringing IP address to identify the unknown defendant. Here, as in *Gillespie,* the identity of the Defendant in the instant action cannot be known until a complaint is filed and Plaintiff is given the opportunity, through discovery, to identify the unknown defendant.

The Ninth Circuit also recognized the legitimate use of fictitious defendants in the aforementioned *Columbia Ins. Co.* holding. The Ninth Circuit there observed:

> The [online] tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information…In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum in which they may seek redress for grievances.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (9th Cir. 1999.) Plaintiff seeks to identify this exact sort of tortfeasor in the instant action.

In all, these Circuits are just a few amongst the majority of Circuits approving of John Doe pleading. John Doe pleading has become an absolute norm when dealing with the cyberspace, and is especially crucial in cases such as this one.

### III.   FICTITIOUS PARTY PLEADING: ONLINE COPYRIGHT INFRINGEMENT

Plaintiff now presents to the Court a series of cases which in support of the proposition that fictitious party pleading is allowed in the specific circumstance of copyright infringement committed online.

#### A.  *SONY MUSIC ENTERTAINMENT INC. V. DOES 1-40* (S.D. NY 2004)

*Sony Music Entertainment Inc. v. Does 1-40* could properly be characterized as one of the seminal cases in the litigation of online copyright infringement. The Court described the situation as follows:

> In this case, plaintiffs—seventeen record companies—sued forty unidentified "Doe" defendants for copyright infringement, alleging that defendants illegally downloaded and distributed plaintiffs' copyrighted or exclusively licensed songs from the Internet, using a 'peer to peer' file copying network. Plaintiff served a subpoena on non-party Internet service provider Cablevision Systems Corporation ("Cablevision"), seeking to obtain defendants' identities. Four defendants move to quash the subpoena.

*Sony Music Entertainment v. Does 1-40,* 326 F. Supp. 2d 556, 558 (S.D. NY 2004.) Like the Supreme Court in *Bivens*, the Court in *Sony Music Entertainment* did not even discuss the fact that the defendants were unidentified Doe defendants. Rather, the Court considered the issue of whether the subpoena which had already been issued to the ISPs in order to identify the Doe defendants should be quashed. Indeed, the Court denied the Motion to Quash, sustaining the subpoena.

#### B.  *ARISTA RECORDS, LLC* v. DOE 3 (2nd Circuit 2010)

*Arista Records, LLC v. Doe 3* is another case, decided by the Second Circuit, that was centered upon online copyright infringement. *Arista Records LLC v. Doe 3,* 604 F. 3d 110, 123 (2nd Cir. 2010). Once again, the Court did not even discuss the fact that the defendant was an unidentified Doe defendant. *Id.*  The court asserted that "the facts stated in the Complaint are adequate to support these allegations [of copyright infringement]." *Id.* The Second Circuit was

5

considering whether the Doe subpoena, which led to the identification of Doe 3, should be quashed; the Second Circuit affirmed the District Court's ruling denying the Motion to Quash.

### C. *BMG MUSIC v. Doe #4* (M.D. NC 2009)

In *BMG Music*, another copyright infringement case, the Court, once again, did not even discuss the fact that the Defendant that was the subject of the holding, and the nine other Defendants in the original Complaint filed by Plaintiff, were fictitious. *BMG Music v. Doe #4*, No. 1:08CV136 (M.D. NC 2009). As the Court noted, "Plaintiffs allege in the Complaint that each Doe Defendant is only known by the assigned IP address. Plaintiffs contend that Defendants' internet service provider was Duke University." *Id.* As a result of the subpoena, Duke was able to identify Doe #4, who then moved to stay enforcement of the subpoena and to dismiss the claims; these motions were recommended for denial. *Id.*

### D. AF HOLDINGS LLC

AF Holdings LLC is a company who, like Plaintiff in the instant action, and the companies previously mentioned, pursues litigation to assert its rights in the face of massive online infringement of its copyrighted works. AF Holdings has been permitted to use fictitious party pleading in order to ascertain the identity of the unknown defendants; some of these cases were in district courts of the Eleventh Circuit.

#### 1. *AF HOLDINGS v. DARRYL LESSERE* (S.D. FLA.)

*AF Holdings v. Darryl Lessere* began in precisely the same manner as the instant action, as a Complaint against a Doe defendant, and proceeded all the way to final judgment against the named defendant. *AF Holdings v. Darryl Lessere*, No. 1:12-cv-22156-UU, ECF No. 1 (S.D. Fla. 2012.). AF Holdings sought to assert its right to compensation under the Copyright Act for infringement of its copyright that was committed online. *Id.* In order to identify defendant,

Plaintiff sought leave to take expedited discovery, by which Plaintiff wished to subpoena the ISP who provided Internet access to the subscriber associated with the infringing IP address at the date and time of infringement. *Id.,* ECF No. 4. Plaintiff was granted expedited discovery. *Id.,* ECF No. 5. Plaintiff subsequently received the identity and contact information of the subscriber from the ISP; having identified the subscriber, plaintiff amended its complaint, naming Darryl Lessere as the infringer of plaintiff's copyrighted work. *Id.*, ECF No. 9. Defendant was served with process. *Id.,* ECF No. 19. Defendant did not timely respond, so plaintiff moved for, and the court granted, default judgment against defendant in the amount of $153,770. *Id.,* ECF No. 22, 23-25. Throughout the entire litigation, the Court did not once assert, or even discuss, the prohibition on fictitious party pleading.

### 2. *AF Holdings v. Bobby Ramos, AF Holdings v. Kenneth Payne, AF Holdings v. Jason Hawk* (N.D. IL)

*AF Holdings v. Bobby Ramos*[1], *AF Holdings v. Kenneth Payne*[2], and *AF Holdings v. Jason Hawk*[3] are three cases currently pending in the Northern District of Illinois. Like *AF Holdings v. Lessere,* and like the instant action, each of these cases began as Complaints alleging copyright infringement by an unknown, Doe defendant, identifiable only by an IP address. Like the Southern District of Florida in *AF Holdings v. Lessere*, the Northern District of Illinois allowed expedited discovery to proceed in each of these cases; furthermore, expedited discovery led to plaintiff's being able to identify and serve process upon the respective defendants.

///

///

///

---

[1] *AF Holdings v. Bobby Ramos,* No. 1:12-cv-04232 (N.D. IL 2012).
[2] *AF Holdings v. Kenneth Payne,* No. 1:12-cv-04234 (N.D. IL 2012).
[3] *AF Holdings v. Jason Hawk,* No. 1:12-cv-04236 (N.D. IL 2012).

3.  *AF Holdings v. Parry Buck; AF Holdings v. Terence Ma; AF Holdings v. Joseph Skoda* (**E.D. Cal.**)

*AF Holdings v. Parry Buck*[4], *AF Holdings v. Terence Ma*[5], and *AF Holdings v. Joseph Skoda*[6] are three cases currently pending in the Eastern District of California. As with the previously mentioned cases, and like the instant action, each of these cases began as Complaints alleging copyright infringement by an unknown, Doe defendant, identifiable only by an IP address. Like the Southern District of Florida, and the Northern District of Illinois, the Eastern District of California allowed expedited discovery to proceed in each of these cases; furthermore, expedited discovery led to plaintiff's being able to identify and serve process upon the respective defendants.

**CONCLUSION**

The advent of the Internet, in many ways, has created as many difficulties as it has overcome. One of these difficulties is that of asserting one's rights in the face of harms committed online. As Plaintiff has demonstrated in its brief, courts throughout the country have moved toward allowing fictitious party pleading in instances where there is no other alternative, particularly in situations involving online copyright infringement by initially unidentifiable tortfeasors. In all, Plaintiff would speculate that there are *thousands* of John Doe copyright cases that are proceeding through the normal court processes in this country without issue. It is a fixture of modern day pleading in the Internet age. For the reasons contained herein, Plaintiff's Complaint should not be dismissed.

///

///

---

[4] *AF Holdings v. Parry Buck,* No. 2:12-cv-01068-LKK-KJN (E.D. Cal. 2012).
[5] *AF Holdings v. Terence Ma*, No. 2:12-cv-01075-GEB-DAD (E.D. Cal. 2012).
[6] *AF Holdings v. Joseph Skoda,* No. 2:12-cv-01663-JAM-JFM (E.D. Cal. 2012).

DATED: November 24, 2012

Respectfully submitted,

 Quad Int'l., Inc.

By:  /s/ Curtis R. Hussey

Curtis R. Hussey (Bar No. HUSSC7684 )
*Attorney for Plaintiff*
**ADDRESS OF COUNSEL:**
P.O. Box 1896
Fairhope, AL 36533-1896
C/O Tel: (415) 325-5900
Email: blgibbs@wefightpiracy.com